IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| GREATER EDWARDS AQUIFER ALLIANCE, *et al.*, <br><br> Plaintiff, <br><br> v. <br><br> LENNAR HOMES OF TEXAS LAND AND CONSTRUCTION, LTD., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) |

Case No. __5:20-cv-824_____.

## CONSENT DECREE

This Consent Decree ("Consent Decree") is hereby entered into by and between the Greater Edwards Aquifer Alliance ("GEAA"), Bulverde Neighborhood Alliance ("BNA"), and Shawn and Eddie Langford ("the Langfords") (referred to herein collectively as "Plaintiffs") and Lennar Homes of Texas Land and Construction, Ltd. ("Lennar" or "Defendant").  Collectively, Plaintiffs and Lennar are sometimes referred to collectively in this Consent Decree as the Parties or individually as a Party.

### RECITALS

WHEREAS, Lennar is involved in the development of "4S Ranch," which is comprised of approximately 775 acres of land, located immediately northwest of the City of Bulverde, Texas, proposed to be used for a combination of commercial and residential purposes (the "Development");

WHEREAS, Lennar holds Registration No. TXR15216K for construction at the Development, under Texas Construction Activities General Permit TXR150000 ("Permit");

WHEREAS, on October 30, 2019, pursuant to the Federal Water Pollution Control Act, 33 U.S.C. § 1251 *et seq.* ("Clean Water Act" or "CWA"), Plaintiffs provided notice of intent to file suit against Lennar for alleged violations of the Permit and the CWA related to the Development ("Notice Letter") to Lennar and the Administrator of the United States Environmental Protection Agency ("EPA"), the Regional Administrator of EPA Region VI; the Attorney General of the United States; and the Chairman, Commissioners, and Executive Director of the Texas Commission on Environmental Quality ("TCEQ") (collectively "state and federal agencies");

WHEREAS, as of the date of the filing of this Consent Decree, plaintiffs filed a complaint, based on the allegations set forth in the Notice Letter;

WHEREAS, the Notice Letter and the complaint alleges that Lennar had violated provisions of the National Pollutant Discharge Elimination System ("NPDES") General Permit for Storm Water Discharges (the "Industrial General Permit"), specifically: from March 19, 2018 to present, Lennar failed to develop a storm water pollution prevention plan ("SWPPP") under the Industrial General Permit prior to the commencement of construction that minimizes to the extent practicable the discharge of pollutants in stormwater associated with construction activity and non-stormwater discharges, (Condition III of the Permit); from March 19, 2018 to present, Lennar commenced construction activities in the Development resulting in soil disturbance prior to implementation of SWPPP (Condition III(C) of the Permit); on May 8, October 24, and October 25, 2019, Lennar failed to adequately contain rainfall on the Development resulting from a 2-year, 24- hour storm event, (Condition III(F)(2)(c)(i)(A)(1) of the Permit); on May 8, October 24, and October 25, 2019, Lennar failed to implement measures to sufficiently prevent the offsite transport of litter, construction debris, and construction materials at the Development (Condition

III(F)(2)(a)(iii) of the Permit); from October 23, 2019 to present, Lennar failed to maintain control measures at the Development in effective working condition (Condition III(F)(6)(a) of the Permit); on May 8, October 24, and October 25, 2019, Lennar discharged pollutants from the Development, including suspended solids, thereby failing to minimize the discharge of pollutants (Condition III(G)(1) of the Permit); and from March 19, 2018 to present, Lennar failed to stabilize soils in areas where soil disturbance has ceased for more than fourteen days at the Development (Condition III(G)(2) of the Permit);

WHEREAS, Lennar denies any and all of the violations alleged in the Notice Letter and the Complaint;

WHEREAS, upon receipt of the Notice Letter, Lennar implemented the following corrective measures at the Facility including: updated the SWPPP; installed additional best management practices ("BMPs") such as additional silt fencing and check dams to control the volume and velocity within the Development; installed additional detention basin capacity; provided additional training to the BMP inspectors and contractors; and stabilized soils in all areas where soil disturbance had ceased for more than fourteen days at the Development (hereinafter, "Corrective Actions");

WHEREAS, because of the Corrective Actions taken by Lennar after October 30, 2019, and prior to the filing of the Complaint, Lennar is in substantial compliance with the Permit and the CWA; and

WHEREAS, to promote judicial economy and avoid the uncertainty and expense of litigation, the Parties desire to settle and compromise their dispute concerning Plaintiffs' claims upon the terms and conditions set forth below;

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Plaintiffs and Lennar hereby agree as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1)-(2). For purposes of this Consent Decree or any action to enforce this Consent Decree, Defendant consents to the Court's continuing subject matter and personal jurisdiction over this Consent Decree and consents to venue in this judicial district.

## COMPLIANCE REQUIREMENTS

2. Lennar agrees to operate the Development in compliance with the applicable requirements of the Permit and the Clean Wat Act.

## ATTORNEY'S FEES AND MITIGATION

3. <u>Penalties and Fees</u>. Lennar shall pay the cash sum of $25,000 in attorneys' fees and costs to Frederick, Perales, Allmon & Rockwell, P.C.

4. <u>Supplemental Environmental Project ("SEP")</u>. Lennar agrees to undertake a SEP to resolve this matter. Under the terms of the SEP, and in lieu of any other penalties against Lennar that may have been assessed had this action proceeded to trial, Lennar shall pay the sum of $25,000 to Greater Edwards Aquifer Alliance for use in projects related to improving water quality of the Edwards Aquifer.

## RELEASE

5. Plaintiffs and their agents, relatives, heirs, successors, and personal representatives (collectively referred to in this Consent Decree as "Releasors") hereby now and forever release

and discharge Lennar and Lennar's employees, principals, officers, directors, shareholders, partners, agents, consultants, contractors, successors, attorneys, insurers, brokers, and insurers of Lennar's consultants and contractors (collectively referred to in this Consent Decree as "Releasees") from any and all claims, demands, losses, expenses, damages, liabilities, actions, and causes of action of any nature that in any manner arise from or relate to the allegations in the Plaintiffs' complaint.

## NO ADMISSION OF LIABILITY

6.  This Consent Decree is entered into for the purposes of compromising disputed claims and avoiding the expense, inconvenience, and uncertainty of litigation.  Nothing contained in this Consent Decree, nor any consideration given pursuant to it, shall constitute or be deemed an admission of any breach, liability, or damages of any Party.

7.  The Parties acknowledge that the payments in ¶¶ 3 and 4 were agreed upon as a compromise and final settlement of disputed federal claims and that payment is not, and may not be construed as, an admission of liability and is not to be construed as an admission that Lennar engaged in any wrongful, tortious or unlawful activity.  Lennar specifically disclaims and denies any liability to Plaintiffs or of violations of the Permit or the Clean Water Act.

## REVIEW BY FEDERAL AGENCIES

8.  <u>Review by Federal Agencies</u>.  Pursuant to 33 U.S.C. § 1365(c)(3), Plaintiffs shall submit this Consent Decree to the United States Environmental Protection Agency ("EPA") and the United States Department of Justice ("DOJ"), and together EPA and DOJ shall be referred to hereinafter as the "Agencies," via certified mail, return receipt requested, within five (5) days after the Effective Date of this Consent Decree for review consistent with 40 C.F.R. § 135.5.  The

Agencies' review period expires forty-five (45) days after receipt of the Consent Decree by the Agencies, as evidenced by the return receipts, copies of which shall be provided to Lennar upon receipt by Plaintiffs.  In the event that the Agencies comment negatively on the provisions of this Consent Decree, the Parties agree to meet and confer to attempt to resolve the issue(s) raised by the Agencies.  If the Parties are unable to resolve any issue(s) raised by the Agencies in their comments, the Parties agree to expeditiously seek a settlement conference with the Magistrate Judge assigned to the Complaint in this matter to resolve the issue(s).

## GENERAL TERMS AND CONDITIONS

9.     <u>Effective Dates.</u>  This Consent Decree shall become effective on its approval by this Court.

10.    <u>Term of Consent Decree</u>.  The term of this Consent Decree shall be for a term of thirty (30) days to ensure Lennar's compliance with its payment obligations under ¶¶ 3 and 4 herein.

11.    <u>Correspondence</u>. All notices required herein or any other correspondence pertaining to this Consent Decree shall be sent by regular, certified, or overnight mail as follows:

If to Plaintiffs:

Eric Allmon
FREDERICK, PERALES,
ALLMON & ROCKWELL, P.C.
1206 San Antonio Street
Austin, Texas 78701
(512) 469-6000
(512) 482-9346 Fax
eallmon@lf-lawfirm.com


If to Lennar:

Adam G. Sowatzka
King & Spalding LLP
1180 Peachtree Street, NE
Atlanta, GA 30309
404-572-3509
asowatzka@kslaw.com

12. Except as provided in Paragraph 3, above, the Parties shall each bear their own attorney's fees and other expenses incurred as a result of the dispute to which this Consent Decree relates, including expenses for the negotiation and preparation of this Consent Decree. If any legal action is commenced to interpret, enforce, or recover damages for the breach of any term of this Consent Decree, the prevailing Party shall be entitled to recover reasonable attorney's fees incurred in connection with that action, in addition to costs of suit.

13. This Consent Decree contains the entire understanding between the Parties concerning the settlement of the claims identified in Plaintiffs' complaint. Any and all prior negotiations that are not contained in this Consent Decree as to the claims identified in Plaintiff's complaint are superseded and are of no force or effect. Each Party represents and warrants that no promise or inducement to enter into this settlement has been made to him or his that is not set forth in this Consent Decree.

14. Each Party covenants and agrees to execute such further documents and perform such further acts as may be reasonable and necessary to effectuate the purposes of this Consent Decree.

15. This Consent Decree shall be interpreted in accordance with the laws of the State of Texas. Where the context requires, the masculine, feminine, and neuter genders shall be construed to include each other, as shall the singular and the plural and the past, present, and future

tenses. If any provision of this Consent Decree is determined to be invalid or unenforceable, the remainder shall be construed and enforced so as to best effectuate the intention of the Parties at the time this Consent Decree was entered into.

16. Any disputes arising under this Consent Decree between the Parties shall be subject to a notice and meet and confer process. Each Party shall cause such notice to be disseminated to the other Party no later than ten (10) days following the start of any such dispute under the Consent Decree. The Parties shall thereafter meet and confer regarding the dispute no later than ten (10) days after the notice is received by the noticed Party.

17. This Consent Decree may not be orally superseded, modified, or amended. No waiver, modification, or amendment shall be valid unless in a writing signed by all Parties.

NOW, THEREFORE, the Parties hereby agree to enter into this Consent Decree:

[SIGNATURES TO APPEAR ON THE FOLLOWING PAGES]

For Plaintiff, Greater Edwards Aquifer Alliance:

Annalisa Peace
Name

July 6, 2020
Date

Approved as to form and content:
Eric Allmon
Attorney for Greater Edwards Aquifer Alliance

7/9/2020
Date

For Plaintiff, Bulverde Neighborhood Alliance:

_____
Name

7/8/2020
_____
Date

_____
Approved as to form and content:
Eric Allmon
Attorney for Bulverde Neighborhood Alliance

7/9/2020
_____
Date

For Plaintiffs, Shawn and Eddie Langford:

_____*Shawn W Langford*_____
Name

_____07/07/2020_____
Date

_____*[signature]*_____
Name

_____07/07/2020_____
Date

_____*Eric Allmon*_____
Approved as to form and content:
Eric Allmon
Attorney for Shawn and Eddie Langford

_____7/9/2020_____
Date

For Defendant, Lennar Homes of Texas Land and Construction, Ltd.:

*[Signature: DocuSigned by, C1AABF3E7777450...]*

Name

Division President

Title

7/10/20

Date

Approved as to form and content:
Adam G. Sowatzka
Attorney for Lennar Homes of Texas Land and Construction, Ltd.

Date

For Defendant, Lennar Homes of Texas Land and Construction, Ltd.:

_____
Name

_____
Title

_____
Date

Approved as to form and content:
Adam G. Sowatzka
Attorney for Lennar Homes of Texas Land and Construction, Ltd.

July 13, 2020
_____
Date